**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN OVERSIGHT,<br>1030 15th Street NW, B255<br>Washington, DC 20005<br><br>*Plaintiff*,<br><br>v.<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,<br>500 12th Street SW<br>Washington, DC 20536,<br><br>*Defendant*. | Case No. 26-cv-2855 |

## COMPLAINT

1. Plaintiff American Oversight brings this action against U.S. Immigration and Customs Enforcement ("ICE") under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

2. The Immigration and Customs Enforcement Health Service Corps ("IHSC") oversees and provides healthcare services to detainees in immigration detention facilities.

3. As part of its duties, IHSC oversees referrals of detainees for medical care to community providers outside of detention facilities, at clinics or hospitals, when that care is not available onsite.

4. To facilitate such referrals, IHSC requires a management system for medical claims processing along with third-party administrator support to receive, adjudicate, process, and pay healthcare claims.

5. IHSC also requires a management system to manage accounting for all financial services, customer service support, and manual claims entry support.

6. IHSC is responsible for providing prescription medications to detainees, which requires the support of a pharmacy benefit manager to manage, process, and optimize prescription drugs.

7. Historically, IHSC processed medical claims and reimbursed providers for offsite healthcare services with support from the Department of Veterans Affairs ("VA").

8. However, according to IHSC, VA's support was abruptly terminated on October 3, 2025, which created an "emergency" and "compromised" ICE's ability to adjudicate claims or reimburse medical providers.[1]

9. On October 25, 2025, ICE awarded a $67.5 million sole-source contract to Acentra Health and a $21.3 million sole-source contract to Ardent Group for third-party administrator support for medical claims processing, payment services, and pharmaceutical needs.

10. Reporting as recent as August 6, 2026, indicates that a replacement payment system for the VA has still not been implemented.[2]

11. The lack of a replacement system has reportedly resulted in a "backlog of unpaid claims likely costing millions of dollars."[3]

---

[1] *See Justifications for Other Than Full and Open Competition*, ICE Acquisition Manual 3006.301-90, Oct. 17, 2025, *available at* https://sam.gov/opp/53e8295e32044da2884589ad1bf37183/view.
[2] Andrea Castillo & Gabrielle LaMarr LeMee, *ICE's Healthcare Payment System Collapsed. Are Detainees Still Getting Off-Site Care?*, Los Angeles Times (Aug. 6, 2026, 3:00 a.m. PT), https://www.latimes.com/politics/story/2026-08-06/records-detail-ice-medical-claims-before-payment-system-collapsed.
[3] *Id.*

12. According to reports, ICE itself, along with immigrant advocates and lawmakers, has warned that delayed payouts could jeopardize access to vital healthcare for thousands of immigrants in ICE custody.[4]

13. On March 19, 2026, American Oversight submitted seven FOIA requests to ICE seeking records that could shed light on the ongoing consequences of the VA's abrupt decision to terminate its support for processing off-site healthcare claims for ICE detainees.

14. In light of the need to inform the public concerning this important matter, American Oversight brings this lawsuit to challenge the government's failure to respond to American Oversight's FOIA requests.

## JURISDICTION AND VENUE

15. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

16. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

17. Because Defendant has failed to comply with the applicable time-limit provisions of FOIA, American Oversight is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining Defendant from continuing to withhold department or agency records and ordering the production of department or agency records improperly withheld.

## PARTIES

18. Plaintiff American Oversight is a nonpartisan, non-profit section 501(c)(3) organization primarily engaged in disseminating information to the public. American Oversight is

[4] *Id.*

committed to promoting transparency in government, educating the public about government activities, and ensuring the accountability of government officials. Through research and FOIA requests, American Oversight uses the information it gathers, and its analysis of it, to educate the public about the activities and operations of the federal government through reports, published analyses, press releases, and other media. The organization is incorporated under the laws of the District of Columbia.

19. Defendant U.S. Immigration and Customs Enforcement ("ICE") is a component of the U.S. Department of Homeland Security, headquartered in Washington, D.C., and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1).

20. ICE has possession, custody, and control of records that American Oversight seeks.

## STATEMENT OF FACTS

21. On March 19, 2026, American Oversight submitted seven FOIA requests to ICE seeking records with the potential to shed light on federal government activity related to continued fallout from the VA's abrupt termination of payment system support for processing off-site medical claims by ICE detainees.

22. On July 6, 2026, ICE sent American Oversight an email acknowledging the receipt of the seven FOIA requests and stating that the requests had been aggregated under ICE FOIA Case Number 2026-ICFO-21173.

23. A true and correct copy of the July 6, 2026 email is attached hereto as Exhibit A, and American Oversight incorporates Exhibit A by reference as though stated fully herein.

*Outstanding Claims Request*

24. On March 19, 2026, American Oversight submitted a request to ICE bearing internal American Oversight tracking number DHS-ICE-26-0744 ("Outstanding Claims Request"), seeking the following records:

> **For all parts of this request, please provide all responsive records from October 1, 2025, through the date the search is conducted.**
>
> 1. The total <u>number</u> of providers that have denied services to detainees due to ICE's inability to process medical claims for reimbursement.
>
> 2. The total <u>number</u> of providers that have not accepted new prescription requests or provided vital medications to detainees due to ICE's inability to process medical claims for reimbursement.
>
> 3. The total <u>number</u> of outstanding and/or unpaid claims, including unpaid pharmacy provider payments, due to the abrupt termination of VA's claim processing support to ICE.
>
> For parts 1-3 of this request, to the extent that this information is maintained in a database, spreadsheet, or list, American Oversight would accept a printout from the database or summary spreadsheet or list as responsive to this request.
>
> For parts 1-3 of this request, please note that American Oversight does not seek, and this request specifically excludes, all personally identifiable information, such as the content of prescription requests or claims.
>
> 4. Records sufficient to identify how VA is "supporting" the transition while DHS and ICE onboard the new claims processing vendor "until May [2026] to ensure claims are processed appropriately."[]

25. A true and correct copy of the Outstanding Claims Request is attached as Exhibit B, and American Oversight incorporates Exhibit B by reference as though stated fully herein.

26. On June 29, 2026, ICE sent American Oversight an email acknowledging receipt of the Outstanding Claims Request, stating that the request had been aggregated with a "similar request" bearing ICE tracking number 2026-ICFO-21173, and stating that the Outstanding Claims Request had been administratively closed.

27. In its June 29, 2026 correspondence, ICE further instructed American Oversight to refer to the Outstanding Claims Request using tracking number 2026-ICFO-21187.

28. On July 6, 2026, ICE sent American Oversight an email again acknowledging receipt of the Outstanding Claims Request along with other aggregated American Oversight FOIA requests and invoking a 10-day extension to respond to the Outstanding Claims Request. *See* Ex A.

29. As of the time of this filing, ICE has not communicated further with American Oversight about the Outstanding Claims Request.

30. As of the time of this filing, ICE has not issued a final determination in response to the Outstanding Claims Request.

31. As of the time of this filing, ICE has not produced any records responsive to the Outstanding Claims Request.

*ICE Impact Request*

32. On March 19, 2026, American Oversight submitted a request to ICE bearing internal American Oversight tracking number DHS-ICE-26-0742 ("ICE Impact Request"), seeking the following records:

> **For all parts of this request, please provide all responsive records from October 1, 2025, through the date the search is conducted.**
>
> 1. All formal and informal reports or analyses (including memoranda and other written products) used to support ICE's statements that the abrupt termination of VA's claim processing support "has severely hindered the DHS mission," as stated on page 2 of J&A-26-003 and page 2 of J&A-26-004 (Justification for Other Than Full and Open Competition), dated October 17, 2025, and October 22, 2025, respectively.[]
>
> 2. All formal and informal reports or analyses (including memoranda and other written products) regarding how the abrupt termination of VA's claim processing support to ICE affected "the provision and payment" of:
> a. community provider specialty and hospital care;

b. dental care;
c. retail pharmacy prescriptions;
d. durable medical equipment; and
e. tuberculosis screening via chest x-ray.[]

ICE states this on page 2 of J&A-26-0003 (Justification for Other Than Full and Open Competition), dated October 17, 2025.

3. All formal and informal reports or analyses (including memoranda and other written products) regarding how the abrupt termination of VA's claim processing support to ICE affected the "provision and payment of pharmaceuticals, retail pharmacy prescriptions, etc."[]

ICE states this on page 2 of J&A-26-0004 (Justification for Other Than Full and Open Competition), dated October 22, 2025.

4. All formal and informal reports or analyses (including memoranda and other written products) regarding how the abrupt termination of VA's claim processing support to ICE "will delay critical medical care" including, but not limited, to:
a. dialysis;
b. prenatal care;
c. oncology; and
d. chemotherapy.[]

ICE states this on page 2 of J&A-26-0003 (Justification for Other Than Full and Open Competition), dated October 17, 2025.

5. All formal and informal reports or analyses (including memoranda and other written products) regarding how the abrupt termination of VA's claim processing support to ICE "will delay critical prescriptions and life-saving medications" for detainees, as stated on page 3 of J&A-26-0004 (Justification for Other Than Full and Open Competition), dated October 22, 2025.[]

6. Records sufficient to show how the abrupt termination of VA's claim processing support to ICE has resulted in "medical complications and loss of life," as stated on page 2 of J&A-26-0003 (Justification for Other Than Full and Open Competition), dated October 17, 2025.

33. A true and correct copy of the ICE Impact Request is attached as Exhibit C, and American Oversight incorporates Exhibit C by reference as though stated fully herein.

34. On June 29, 2026, ICE sent American Oversight an email acknowledging receipt of the ICE Impact Request, stating that the request had been aggregated with a "similar request" bearing ICE tracking number 2026-ICFO-21173, and stating that the ICE Impact Request had been administratively closed.

35. In its June 29, 2026 correspondence, ICE further instructed American Oversight to refer to the ICE Impact Request using tracking number 2026-ICFO-21183.

36. On July 6, 2026, ICE sent American Oversight an email again acknowledging receipt of the ICE Impact Request along with other aggregated American Oversight FOIA requests and invoking a 10-day extension to respond to the ICE Impact Request. *See* Ex A.

37. As of the time of this filing, ICE has not communicated further with American Oversight about the ICE Impact Request.

38. As of the time of this filing, ICE has not issued a final determination in response to the ICE Impact Request.

39. As of the time of this filing, ICE has not produced any records responsive to the ICE Impact Request.

*CBP Impact Request*

40. On March 19, 2026, American Oversight submitted a request to ICE bearing internal American Oversight tracking number DHS-ICE-26-0743 ("CBP Impact Request"), seeking the following records:

> **For all parts of this request, please provide all responsive records from October 1, 2025, through the date the search is conducted.**
>
> 1. All formal and informal reports or analyses (including memoranda and other written products) regarding how the termination of VA's medical claims support impacted IHSC's ability to "support CBP in the provision and payment of offsite care," as stated on page 2 of J&A-26-0003 (Justification for Other

> Than Full and Open Competition), dated October 17, 2025.[]
>
> 2. All formal and informal reports or analyses (including memoranda and other written products) regarding how the termination of VA's medical claims support impacted IHSC's ability to "support CBP in the provision and payment of [detainee] medications," as stated on page 2 of J&A-26-0004 (Justification for Other Than Full and Open Competition), dated October 22, 2025.[]
>
> 3. Records sufficient to show how the "health, welfare, and lives" of detainees in ICE and CBP custody "are significantly at risk" due to the abrupt termination of VA's claim processing support, as stated on page 3 of J&A-26-0003 (Justification for Other Than Full and Open Competition), dated October 17, 2025.[]

41. A true and correct copy of the CBP Impact Request is attached as Exhibit D, and American Oversight incorporates Exhibit D by reference as though stated fully herein.

42. On June 29, 2026, ICE sent American Oversight an email acknowledging receipt of the CBP Impact Request, stating that parts 1 and 2 of the request are "under the purview" of CBP, stating part 3 of the request had been aggregated with a "similar request" bearing ICE tracking number 2026-ICFO-21173, and stating that the CBP Impact Request had been administratively closed.

43. In its June 29, 2026 correspondence, ICE further instructed American Oversight to refer to the CBP Impact Request using tracking number 2026-ICFO-21185.

44. On July 6, 2026, ICE sent American Oversight an email again acknowledging receipt of the CBP Impact Request along with other aggregated American Oversight FOIA requests and invoking a 10-day extension to respond to the CBP Impact Request. *See* Ex A.

45. As of the time of this filing, ICE has not communicated further with American Oversight about the CBP Impact Request.

46. As of the time of this filing, ICE has not issued a final determination in response to the CBP Impact Request.

47. As of the time of this filing, ICE has not produced any records responsive to the CBP Impact Request.

*Contractor Communications Request*

48. On March 19, 2026, American Oversight submitted a request to ICE bearing internal American Oversight tracking number DHS-ICE-26-0750 ("Contractor Communications Request"), seeking the following records:

> **Please provide all responsive records from August 1, 2025, through the date the search is conducted.**
>
> All email communications (including emails, email attachments, complete email chains, calendar invitations, and calendar invitation attachments) between any of the officials listed below, and/or anyone communicating on their behalf, such as an assistant, secretary, or chief of staff and anyone communicating on behalf of the two external entities listed below.
>
> ICE Officials:
> a. Todd Lyons, Senior Official Performing the Duties of the Director
> b. Charles Wall, Deputy Director
> c. Jason Killmeyer, Chief of Staff
> d. Madison Sheahan, former Deputy Director
> e. Jason Killmeyer, Chief of Staff
> f. Jon Feere, Senior Advisor
> g. David Venturella, Senior Advisor
> h. Mark Hall, Senior Advisor
> i. Peter Fitzhugh, Senior Advisor
> j. Todd Bensman, Advisor to the Border Czar
> k. Marcos Charles, Acting Executive Associate Director, ERO
> l. Anyone serving as Deputy Executive Associate Director, ERO
> m. John Condon, Acting Executive Associate Director, HSI
> n. Anyone serving as Deputy Executive Associate Director, HSI
> o. Stewart D. Smith, Assistant Director, IHSC
> p. Anyone serving as Chief of Staff, IHSC
> q. Anyone serving as the Chief USPHS Officer within IHSC
> r. Anyone serving as Deputy Assistant Director for IHSC's Administration Division
> s. Anyone serving as Deputy Assistant Director for IHSC's Clinical Services Division
> t. Anyone serving as Deputy Assistant Director for IHSC's Health Care Compliance Division

u. Anyone serving as Deputy Assistant Director for IHSC's Health Systems Support Division
v. Albert Dainton, Director and Head of Contracting Activity (HCA)
w. H. Elease Sanders, Chief of Staff, HCA
x. Sarah Green, Deputy Chief Procurement Officer
y. Melanie Alston, Deputy Head of Contracting Activity
z. Genna Braden, Contracting Officer
aa. Brittany Tobias, Supervisory Contracting Officer
bb. Anyone communicating on behalf of IHSC_HPMU_info@ice.dhs.gov
cc. Anyone communicating on behalf of ERO.Info@ice.dhs.gov

<u>External Entities:</u>

i. Anyone communicating on behalf of Acentra Health, LLC, including but not limited to, anyone communicating by using an email address that contains "acentra.com"
ii. Anyone communicating on behalf of the Ardent Group, LLC

49. A true and correct copy of the Contractor Communications Request is attached as Exhibit E, and American Oversight incorporates Exhibit E by reference as though stated fully herein.

50. On July 2, 2026, ICE sent American Oversight an email acknowledging receipt of the Contractor Communications Request, stating the request had been aggregated with a "similar request" bearing ICE tracking number 2026-ICFO-21173, and stating that the Contractor Communications Request had been administratively closed.

51. In its July 2, 2026 correspondence, ICE further instructed American Oversight to refer to the Contractor Communications Request using tracking number 2026-ICFO-21192.

52. On July 6, 2026, ICE sent American Oversight an email again acknowledging receipt of the Contractor Communications Request along with other aggregated American Oversight FOIA requests and invoking a 10-day extension to respond to the Contractor Communications Request. *See* Ex A.

53. As of the time of this filing, ICE has not communicated further with American

Oversight about the Contractor Communications Request.

54. As of the time of this filing, ICE has not issued a final determination in response to the Contractor Communications Request.

55. As of the time of this filing, ICE has not produced any records responsive to the Contractor Communications Request.

*ICE Communications Request*

56. On March 19, 2026, American Oversight submitted a request to ICE bearing internal American Oversight tracking number DHS-ICE-26-0747 ("ICE Communications Request"), seeking the following records:

> **Please provide all responsive records from August 1, 2025, through the date the search is conducted.**
>
> All email communications (including emails, email attachments, complete email chains, calendar invitations, and calendar invitation attachments) <u>sent by</u> any of the officials listed below, and/or anyone communicating on their behalf, such as an assistant, secretary, or chief of staff <u>and</u> containing <u>both</u> a key term from Column A and a key term from Column B.
>
> <u>ICE Officials:</u>
> a. Todd Lyons, Acting Director
> b. Charles Wall, Deputy Director
> c. Jason Killmeyer, Chief of Staff
> d. Madison Sheahan, former Deputy Director
> e. Jason Killmeyer, Chief of Staff
> f. Jon Feere, Senior Advisor
> g. David Venturella, Senior Advisor
> h. Mark Hall, Senior Advisor
> i. Peter Fitzhugh, Senior Advisor
> j. Todd Bensman, Advisor to the Border Czar
> k. Marcos Charles, Acting Executive Associate Director, ERO
> l. Anyone serving as Deputy Executive Associate Director, ERO
> m. John Condon, Acting Executive Associate Director, HSI
> n. Anyone serving as Deputy Executive Associate Director, HSI
> o. Albert Dainton, Director and Head of Contracting Activity (HCA)
> p. H. Elease Sanders, Chief of Staff, HCA
> q. Sarah Green, Deputy Chief Procurement Officer
> r. Melanie Alston, Deputy Head of Contracting Activity

s. Genna Braden, Contracting Officer
t. Brittany Tobias, Supervisory Contracting Officer
u. Anyone communicating on behalf of ERO.Info@ice.dhs.gov

| Key Terms | |
|---|---|
| Column A | Column B |
| i.claim<br>ii.“payment services”<br>iii.“processing system”<br>iv.reimburs* | i.“Financial Services Center”<br>ii.“Health Service Corps”<br>iii.“off-site care”<br>iv.“offsite care”<br>v.“Service Level Agreement”<br>vi.“third party administrator”<br>vii.“third-party administrator”<br>viii.“Veterans Affairs”<br>ix.Acentra<br>x.Ardent<br>xi.IHSC<br>xii.SLA<br>xiii.VA<br>xiv.VAFSC |

57. A true and correct copy of the ICE Communications Request is attached as Exhibit F, and American Oversight incorporates Exhibit F by reference as though stated fully herein.

58. On July 2, 2026, ICE sent American Oversight an email acknowledging receipt of the ICE Communications Request, stating the request had been aggregated with a “similar request” bearing ICE tracking number 2026-ICFO-21173, and stating that the ICE Communications Request had been administratively closed.

59. In its July 2, 2026 correspondence, ICE further instructed American Oversight to refer to the ICE Communications Request using tracking number 2026-ICFO-21190.

60. On July 6, 2026, ICE sent American Oversight an email again acknowledging receipt of the ICE Communications Request along with other aggregated American Oversight FOIA requests and invoking a 10-day extension to respond to the ICE Communications Request. *See* Ex A.

61. As of the time of this filing, ICE has not communicated further with American Oversight about the ICE Communications Request.

62. As of the time of this filing, ICE has not issued a final determination in response to the ICE Communications Request.

63. As of the time of this filing, ICE has not produced any records responsive to the ICE Communications Request.

*IHSC Communications Request*

64. On March 19, 2026, American Oversight submitted a request to ICE bearing internal American Oversight tracking number DHS-ICE-26-0749 ("IHSC Communications Request"), seeking the following records:

> **Please provide all responsive records from August 1, 2025, through the date the search is conducted.**
>
> All email communications (including emails, email attachments, complete email chains, calendar invitations, and calendar invitation attachments) sent by any of the officials listed below, and/or anyone communicating on their behalf, such as an assistant, secretary, or chief of staff and containing any of the key terms listed below.
>
> ICE Officials:
> a. Stewart D. Smith, Assistant Director, IHSC
> b. Anyone serving as Chief of Staff, IHSC
> c. Anyone serving as Chief Medical Officer, IHSC
> d. Anyone serving as the Chief USPHS Officer, IHSC
> e. Anyone serving as Deputy Assistant Director for IHSC's Administration Division
> f. Anyone serving as Deputy Assistant Director for IHSC's Clinical Services Division
> g. Anyone serving as Deputy Assistant Director for IHSC's Health Care Compliance Division
> h. Anyone serving as Deputy Assistant Director for IHSC's Health Systems Support Division
> i. Anyone communicating on behalf of IHSC_HPMU_info@ice.dhs.gov
>
> Key Terms:
> i. "claim submission"

ii. "claims adjudication"
iii. "claims processing"
iv. "critical prescription"
v. "Financial Services Center"
vi. "life saving"
vii. "life-saving"
viii. "loss of life"
ix. "medical claim"
x. "medical complication"
xi. "off-site care"
xii. "offsite care"
xiii. "payment services"
xiv. "Pharmacy Benefit Manager"
xv. "processing system"
xvi. "provider participation"
xvii. "Service Level Agreement"
xviii. "third party administrator"
xix. "third-party administrator"
xx. "Veterans Affairs"
xxi. Acentra
xxii. Ardent
xxiii. PBM
xxiv. reimburs*
xxv. SLA
xxvi. VA
xxvii. VAFSC

65. A true and correct copy of the IHSC Communications Request is attached as Exhibit G, and American Oversight incorporates Exhibit G by reference as though stated fully herein.

66. On July 2, 2026, ICE sent American Oversight an email acknowledging receipt of the IHSC Communications Request, stating the request had been aggregated with a "similar request" bearing ICE tracking number 2026-ICFO-21173, and stating that the IHSC Communications Request had been administratively closed.

67. In its July 2, 2026 correspondence, ICE further instructed American Oversight to refer to the IHSC Communications Request using tracking number 2026-ICFO-21191.

68. On July 6, 2026, ICE sent American Oversight an email again acknowledging receipt of the IHSC Communications Request along with other aggregated American Oversight FOIA requests and invoking a 10-day extension to respond to the IHSC Communications Request. *See* Ex A.

69. As of the time of this filing, ICE has not communicated further with American Oversight about the IHSC Communications Request.

70. As of the time of this filing, ICE has not issued a final determination in response to the IHSC Communications Request.

71. As of the time of this filing, ICE has not produced any records responsive to the IHSC Communications Request.

*Contract Files Request*

72. On March 19, 2026, American Oversight submitted a request to ICE bearing internal American Oversight tracking number DHS-ICE-26-0760 ("Contract Files Request"), seeking the following records:

> **For all parts of this request, please provide all responsive records from October 1, 2025, through the date the search is conducted.**
>
> 1. All contract files between ICE and Acentra Health, LLC or any of its subsidiaries or affiliates including, but not limited to, the complete contract file for Contract Award 70CDCR26C00000002.[]
>
>    Responsive records include the base contract and all modifications, options, and amendments, abstracts, proposals, terms of work, justifications, approvals, and information related to the determination of a fair and reasonable price.
>
> 2. All contract files between ICE and Ardent Group, LLC, or any of its subsidiaries or affiliates including, but not limited to, the complete contract file for Contract Award 70CDCR26C00000003.[]
>
>    Responsive records include the base contract and all modifications, options, and amendments, abstracts, proposals, terms of work, justifications, approvals, and

information related to the determination of a fair and reasonable price.

3. All contracts awarded by ICE for third-party administrator support for claims processing and payment services to provide healthcare services to detainees.

4. All contracts awarded by ICE for the support of a Pharmacy Benefit Manager to manage, process, and optimize prescription drug benefits for detainees.

73. A true and correct copy of the Contract Files Request is attached as Exhibit H, and American Oversight incorporates Exhibit H by reference as though stated fully herein.

74. On June 29, 2026, ICE sent American Oversight an email acknowledging receipt of the Contract Files Request, stating the request had been aggregated with a "similar request" bearing ICE tracking number 2026-ICFO-21192, and stating that the Contract Files Request had been administratively closed.

75. In its June 29, 2026 correspondence, ICE further instructed American Oversight to refer to the Contract Files Request using tracking number 2026-ICFO-21194.

76. On the same day, American Oversight emailed ICE advising that American Oversight had not received any correspondence about ICE tracking number 2026-ICFO-21192 and seeking details about the aggregation of requests.

77. On July 6, 2026, ICE sent American Oversight an email again acknowledging receipt of the Contract Files Request along with other aggregated American Oversight FOIA requests and invoking a 10-day extension to respond to the Contract Files Request. *See* Ex A.

78. As of the time of this filing, ICE has not communicated further with American Oversight about the Contract Files Request.

79. As of the time of this filing, ICE has not issued a final determination in response to the Contract Files Request.

80. As of the time of this filing, ICE has not produced any records responsive to the Contract Files Request.

*Exhaustion of Administrative Remedies*

81. As of the date of this Complaint, Defendant has failed to: (a) notify American Oversight of a final determination regarding American Oversight's FOIA request(s), including the scope of responsive records Defendant intends to produce or withhold and the reasons for any withholdings; or (b) produce the requested records or demonstrate that the requested records are lawfully exempt from production.

82. Through Defendant's failure to respond to American Oversight's FOIA request within the time period required by law, American Oversight has constructively exhausted its administrative remedies and seeks immediate judicial review.

**COUNT I**
**Violation of FOIA, 5 U.S.C. § 552**
**Failure to Conduct Adequate Searches for Responsive Records**

83. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

84. American Oversight properly requested records within the possession, custody, and control of Defendant.

85. Defendant has failed to promptly review agency records for the purpose of locating those records that are responsive to American Oversight's FOIA requests.

86. Defendant's failure to conduct an adequate search for responsive records violates FOIA and applicable regulations.

87. Plaintiff American Oversight is therefore entitled to injunctive and declaratory relief requiring Defendant to promptly make reasonable efforts to search for records responsive to American Oversight's FOIA requests.

**COUNT II**
**Violation of FOIA, 5 U.S.C. § 552**
**Wrongful Withholding of Non-Exempt Responsive Records**

88. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

89. American Oversight properly requested records within the possession, custody, and control of Defendant.

90. Defendant is an agency subject to FOIA and must therefore release in response to a FOIA request any non-exempt records and provide a lawful reason for withholding any materials within no more than twenty (20) working days.

91. Defendant is wrongfully withholding non-exempt agency records requested by American Oversight by failing to produce non-exempt records responsive to its FOIA requests.

92. Defendant is wrongfully withholding non-exempt agency records requested by American Oversight by failing to segregate exempt information in otherwise non-exempt records responsive to American Oversight's FOIA requests.

93. Defendant's failure to provide all non-exempt responsive records violates FOIA and applicable regulations.

94. Plaintiff American Oversight is therefore entitled to declaratory and injunctive relief requiring Defendant to promptly produce all non-exempt records responsive to its FOIA requests and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

## REQUESTED RELIEF

WHEREFORE, American Oversight respectfully requests the Court to:

(1) Order Defendant to conduct a search reasonably calculated to uncover all records responsive to American Oversight's FOIA requests submitted to ICE on March 19, 2026;

(2) Order Defendant to produce, within twenty days of the Court's order, any and all non-exempt records responsive to American Oversight's FOIA request/s and *Vaughn* indexes of any responsive records withheld under claim of exemption;

(3) Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to American Oversight's FOIA requests;

(4) Award American Oversight the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) Grant American Oversight such other relief as the Court deems just and proper.

Dated: August 13, 2026

Respectfully submitted,

*/s/ Benjamin A. Sparks*

Benjamin A. Sparks
D.C. Bar No. 90020649
AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(202) 873-1741
ben.sparks@americanoversight.org

*Counsel for Plaintiff*