# EXHIBIT H

AMERICAN OVERSIGHT

March19, 2026

**VIA ONLINE PORTAL**

U.S. Immigration and Customs Enforcement
Freedom of Information Act Office
500 12th St. SW
Stop 5009
Washington, DC 20536
Via Online Portal

**Re: Freedom of Information Act Request**

Dear FOIA Officer:

Pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and the implementing regulations of your agency, American Oversight makes the following request for records.

The Immigration and Customs Enforcement (ICE) Health Service Corps—also known as IHSC—oversees and provides healthcare services to detainees in immigration detention facilities.[1] As part of this, IHSC oversees referrals of detainees for medical care to community providers outside detention facilities, at clinics or hospitals, when that care is not available onsite.[2] Historically, IHSC processed medical claims and reimbursed providers for offsite healthcare services with support from the Department of Veterans Affairs (VA).[3] However, according to IHSC, VA's support was abruptly terminated on October 3, 2025, which created an "emergency" and "compromised" ICE's ability to adjudicate claims or reimburse medical providers.[4]

---

[1] *See Enforcement and Removal Operations*, Immigration and Customs Enforcement, https://www.ice.gov/ero (accessed on Mar. 17, 2026); *ICE Health Service Corps*, Immigration and Customs Enforcement, https://www.ice.gov/detain/ice-health-service-corps (accessed on Feb. 21, 2026).
[2] *See Immigration Detention: ICE Needs to Strengthen Oversight of Informed Consent for Medical Care*, Government Accountability Office, Oct. 18, 2022, https://www.gao.gov/products/gao-23-105196.
[3] IHSC requires a management system for claims processing along with third party administrator support to receive, adjudicate, process, and pay healthcare claims as well as manage accounting for all financial services, customer service support, and manual claims entry support. IHSC is also responsible for providing prescription medications to detainees, which requires the support of a Pharmacy Benefit Manager to manage, process, and optimize prescription drug benefits.
[4] *See Justification for Other Than Full and Open Competition*, Immigration and Customs Enforcement, Oct. 17, 2025, https://sam.gov/opp/53e8295e32044da2884589ad1bf37183/view and

On October 25, 2025, ICE awarded a $67.5 million sole source contract to Acentra Health and a $21.3 million sole source contract to Ardent Group for third party administrator support for claims processing, payment services, and pharmaceutical needs.[5] However, Acentra Health will not begin processing claims until April 30, 2026.[6] American Oversight seeks records with the potential to shed light on this matter, including how this gap in claims processing has affected the provision and payment of vital care and services for detainees.

**Requested Records**

American Oversight requests that your agency produce the following records within twenty business days:

> **For all parts of this request, please provide all responsive records from October 1, 2025, through the date the search is conducted.**

1. All contract files between ICE and Acentra Health, LLC or any of its subsidiaries or affiliates including, but not limited to, the complete contract file for Contract Award 70CDCR26C00000002.[7]

---

https://sam.gov/api/prod/opps/v3/opportunities/resources/files/57098f74fa3244f790 11a6c320e5ffd6/download?&status=archived&token=.

[5] *See Definitive Contract, PIID 70CDCR26C00000002, Department of Homeland Security (DHS) to Acentra Health LLC*, USA Spending, https://www.usaspending.gov/award/CONT_AWD_70CDCR26C00000002_7012_-NONE-_-NONE- (accessed online Feb. 21, 2026); *Contract Opportunity, ICE Medical Claims Processing*, System for Award Management (SAM), https://sam.gov/workspace/contract/opp/566f4c49e7924dfba04b189ee998c104/view (accessed online Feb. 21, 2026); *See Definitive Contract, PIID 70CDCR26C00000003, Department of Homeland Security (DHS) to* Ardent Group, LLC, USA Spending, https://www.usaspending.gov/award/CONT_AWD_70CDCR26C00000003_7012_-NONE-_-NONE-/ (accessed online Feb. 21, 2026); *Contract Opportunity, ICE Pharmacy Benefit Manager (PBM) Support*, System for Award Management (SAM), https://sam.gov/workspace/contract/opp/16a809f8a58141 70b811ff702be9d77c/view (accessed online Feb. 21, 2026).

[6] *See Important Notifications, IHSC – Managed Care*, Immigration and Customs Enforcement, Jan. 13, 2026, https://www.ice.gov/detain/ice-health-service-corps/ihs-managed-care.

[7] *See Definitive Contract, PIID 70CDCR26C00000002, Department of Homeland Security (DHS) to Acentra Health LLC*, USA Spending, https://www.usaspending.gov/award/CONT_AWD_70CDCR26C00000002_7012_-NONE-_-NONE- (accessed online Feb. 21, 2026); *Contract Opportunity, ICE Medical Claims Processing*, System for Award Management (SAM), https://sam.gov/workspace/contract/opp/566f4c49e7924dfba04b189ee998c104/view (accessed online Feb. 21, 2026).

Responsive records include the base contract and all modifications, options, and amendments, abstracts, proposals, terms of work, justifications, approvals, and information related to the determination of a fair and reasonable price.

2. All contract files between ICE and Ardent Group, LLC, or any of its subsidiaries or affiliates including, but not limited to, the complete contract file for Contract Award 70CDCR26C00000003.[8]

   Responsive records include the base contract and all modifications, options, and amendments, abstracts, proposals, terms of work, justifications, approvals, and information related to the determination of a fair and reasonable price.

3. All contracts awarded by ICE for third-party administrator support for claims processing and payment services to provide healthcare services to detainees.

4. All contracts awarded by ICE for the support of a Pharmacy Benefit Manager to manage, process, and optimize prescription drug benefits for detainees.

**Fee Waiver Request**

In accordance with 5 U.S.C. § 552(a)(4)(A)(iii) and your agency's regulations, American Oversight requests a waiver of fees associated with processing this request for records. The subject of this request concerns the operations of the federal government, and the disclosures will likely contribute to a better understanding of relevant government procedures by the general public in a significant way. Moreover, the request is for non-commercial purposes.

American Oversight requests a waiver of fees because disclosure of the requested information is "in the public interest because it is likely to contribute significantly to public understanding of operations or activities of the government."[9] The public has a significant interest in ensuring that detained individuals receive medically necessary care. In 2024, the VA processed $246 million in medical claims related to the treatment of ICE detainees by third parties.[10] Approximately 300,000 claims are processed

---

[8] *See Definitive Contract, PIID 70CDCR26C00000003, Department of Homeland Security (DHS) to* Ardent Group, LLC, USA Spending, https://www.usaspending.gov/award/CONT_AWD_70CDCR26C00000003_7012_-NONE-_-NONE-/ (accessed online Feb. 21, 2026); *Contract Opportunity, ICE Pharmacy Benefit Manager (PBM) Support*, System for Award Management (SAM), https://sam.gov/workspace/contract/opp/16a809f8a5814170b811ff702be9d77c/view (accessed online Feb. 21, 2026).

[9] 5 U.S.C. § 552(a)(4)(A)(iii).

[10] *See* Judd Legum, *ICE has Stopped Paying for Detainee Medical Treatment*, Popular Information, Jan. 20, 2026, https://popular.info/p/ice-has-stopped-paying-for-detainee.

annually for ICE and Customs and Border Protection (CBP) detainee care.[11] According to IHSC, offsite providers who are not paid timely may not accept new patients or continue to provide vital care and services. This could reduce current and future provider participation in the IHSC community provider network, which is central to the success of the ICE and CBP missions.[12] Records with the potential to shed light on this matter would contribute significantly to public understanding of operations of the federal government, including how this gap in claims processing has affected the timely provision of and payment for vital care and services for detainees. American Oversight is committed to transparency and makes the responses agencies provide to FOIA requests publicly available, and the public's understanding of the government's activities would be enhanced through American Oversight's analysis and publication of these records.

This request "is not primarily in the commercial interest of the requester."[13] In fact, as a 501(c)(3) nonprofit, American Oversight does not have a commercial purpose, and the release of the information requested is not in American Oversight's commercial interest. American Oversight's mission is to promote transparency in government, to educate the public about government activities, and to ensure the accountability of government officials. American Oversight uses the information gathered, and its analysis of it, to educate the public through reports, press releases, or other media. American Oversight also makes materials it gathers available on its public website and promotes their availability on social media platforms, such as Facebook and X (formerly Twitter).[14]

American Oversight has also demonstrated its commitment to the public disclosure of documents and creation of editorial content through regular substantive analyses posted to its website.[15] Examples reflecting this commitment include the posting of records related to the first Trump Administration's contacts with Ukraine and analyses of those contacts;[16] posting records and editorial content about the federal government's

---

[11] *See Justification for Other Than Full and Open Competition*, Immigration and Customs Enforcement, Oct. 17, 2025, https://sam.gov/opp/53e8295e32044da2884589ad1bf37183/view and https://sam.gov/api/prod/opps/v3/opportunities/resources/files/57098f74fa3244f790 11a6c320e5ffd6/download?&status=archived&token=.
[12] *Id.*
[13] 5 U.S.C. § 552(a)(4)(A)(iii).
[14] American Oversight currently has approximately 16,000 followers on Facebook and 94,800 followers on X (formerly Twitter). American Oversight, Facebook, https://www.facebook.com/weareoversight/ (last visited Mar. 4, 2026); American Oversight (@weareoversight), X (formerly Twitter), https://x.com/weareoversight (last visited Mar. 4, 2026).
[15] *See generally Our Latest*, American Oversight, https://www.americanoversight.org/blog.
[16] *The Trump Administration's Contacts with Ukraine*, American Oversight, https://www.americanoversight.org/investigation/the-trump-administrations-contacts-with-ukraine.

response to the COVID-19 pandemic;[17] posting records received as part of American Oversight's "Audit the Wall" project to gather and analyze information related to the first Trump administration's proposed construction of a barrier along the U.S.-Mexico border, and analyses of what those records reveal;[18] the posting of records related to an ethics waiver received by a senior Department of Justice attorney and an analysis of what those records demonstrated regarding the Department's process for issuing such waivers;[19] and posting records and analysis of federal officials' use of taxpayer dollars to charter private aircraft or use government planes for unofficial business.[20]

Accordingly, American Oversight qualifies for a fee waiver.

**<u>Guidance Regarding the Search & Processing of Requested Records</u>**

In connection with its request for records, American Oversight provides the following guidance regarding the scope of the records sought and the search and processing of records:

- Please search all locations and systems likely to have responsive records, regardless of format, medium, or physical characteristics. For instance, if the request seeks "communications," please search all locations likely to contain communications, including relevant hard-copy files, correspondence files, appropriate locations on hard drives and shared drives, and emails.

- In conducting your search, please understand the terms "record," "document," and "information" in their broadest sense, to include any written, typed, or printed material of any kind. We seek records of any kind, including electronic

[17] *See generally The Trump Administration's Response to Coronavirus*, American Oversight, https://www.americanoversight.org/investigation/the-trump-administrations-response-to-coronavirus; *see, e.g.*, *CDC Calendars from 2018 and 2019: Pandemic-Related Briefings and Meetings*, American Oversight, https://www.americanoversight.org/cdc-calendars-from-2018-and-2019-pandemic-related-briefings-and-meetings.

[18] *See generally Audit the Wall*, American Oversight, https://www.americanoversight.org/investigation/audit-the-wall; *see, e.g.*, *Audit the Wall: No Plans, No Funding, No Timeline, No Wall*, American Oversight, https://americanoversight.org/audit-the-wall-no-plans-funding-or-timeline-and-no-wall/.

[19] *DOJ Records Relating to Solicitor General Noel Francisco's Recusal*, American Oversight, https://www.documentcloud.org/documents/25544090-doj-records-relating-to-solicitor-general-noel-franciscos-recusal-american-oversight; *Francisco & the Travel Ban: What We Learned from the DOJ Documents*, American Oversight, https://www.americanoversight.org/francisco-the-travel-ban-what-we-learned-from-the-doj-documents.

[20] *See generally Swamp Airlines: Chartered Jets at Taxpayer Expense*, American Oversight, https://www.americanoversight.org/investigation/swamp-airlines-private-jets-taxpayer-expense; *see, e.g.*, *New Information on Pompeo's 2017 Trips to His Home State*, American Oversight, https://www.americanoversight.org/new-information-on-pompeos-2017-trips-to-his-home-state.

records, letters, emails, facsimiles, and transcripts, notes, or minutes of any meetings, telephone conversations, or discussions.

- Our request for records includes any attachments to those records or other materials enclosed with those records when they were previously transmitted. To the extent that an email is responsive to our request, our request includes all prior messages sent or received in that email chain, as well as any attachments to the email.

- Please search all relevant records or systems containing records regarding agency business. Do not exclude records regarding agency business contained in files, email accounts, or devices in the personal custody of your officials, such as personal email accounts or text messages. Records of official business conducted using unofficial systems or stored outside of official files are subject to the Federal Records Act and FOIA.[21] It is not adequate to rely on policies and procedures that require officials to move such information to official systems within a certain period of time; American Oversight has a right to records contained in those files even if material has not yet been moved to official systems or if officials have, by intent or through negligence, failed to meet their obligations.[22]

- Please use all tools available to your agency to conduct a complete and efficient search for potentially responsive records. Agencies are subject to government-wide requirements to manage agency information electronically,[23] and many agencies have adopted the National Archives and Records Administration (NARA) Capstone program, or similar policies. These systems provide options for searching emails and other electronic records in a manner that is reasonably likely to be more complete than just searching individual custodian files. For example, a custodian may have deleted a responsive email from his or her email program, but your agency's archiving tools may capture that email under Capstone. At the same time, custodian searches are still necessary; agencies may not have direct access to files stored in .PST files, outside of network drives, in paper format, or in personal email accounts.

- In the event some portions of the requested records are properly exempt from disclosure, please disclose any reasonably segregable non-exempt portions of the

---

[21] *See Competitive Enter. Inst. v. Office of Sci. & Tech. Policy*, 827 F.3d 145, 149–50 (D.C. Cir. 2016); *cf. Judicial Watch, Inc. v. Kerry*, 844 F.3d 952, 955–56 (D.C. Cir. 2016).
[22] *See Competitive Enter. Inst. v. Office of Sci. & Tech. Policy*, No. 14-cv-765, slip op. at 8 (D.D.C. Dec. 12, 2016).
[23] Presidential Memorandum—Managing Government Records, 76 Fed. Reg. 75,423 (Nov. 28, 2011), https://obamawhitehouse.archives.gov/the-press-office/2011/11/28/presidential-memorandum-managing-government-records; Office of Mgmt. & Budget, Exec. Office of the President, Memorandum for the Heads of Executive Departments & Independent Agencies, "Managing Government Records Directive," M-12-18 (Aug. 24, 2012), https://www.archives.gov/files/records-mgmt/m-12-18.pdf.

requested records. If a request is denied in whole, please state specifically why it is not reasonable to segregate portions of the record for release.

- Please take appropriate steps to ensure that records responsive to this request are not deleted by the agency before the completion of processing for this request. If records potentially responsive to this request are likely to be located on systems where they are subject to potential deletion, including on a scheduled basis, please take steps to prevent that deletion, including, as appropriate, by instituting a litigation hold on those records.

**Conclusion**

If you have any questions regarding how to construe this request for records or believe that further discussions regarding search and processing would facilitate a more efficient production of records of interest to American Oversight, please do not hesitate to contact American Oversight. American Oversight welcomes an opportunity to discuss its request with you before you undertake your search or incur search or duplication costs. By working together at the outset, American Oversight and your agency can decrease the likelihood of costly and time-consuming litigation in the future.

Where possible, please provide responsive material in an electronic format by email. Alternatively, please provide responsive material in native format or in PDF format on a USB drive. Please send any responsive material being sent by mail to American Oversight, 1030 15th Street NW, Suite B255, Washington, DC 20005. If it will accelerate release of responsive records to American Oversight, please also provide responsive material on a rolling basis.

We share a common mission to promote transparency in government. American Oversight looks forward to working with your agency on this request. If you do not understand any part of this request, please contact David Kronig at foia@americanoversight.org or (202) 897-3915. Also, if American Oversight's request for a fee waiver is not granted in full, please contact us immediately upon making such a determination.

Sincerely,

*/s/ David Kronig*
David Kronig
on behalf of
American Oversight